NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0374n.06

Nos. 20-3318/4039/24-3108/3706

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 30, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| MARIO TAPIA BRAVO, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | ON PETITIONS FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| Respondent. | ) | |
| | ) | ORDER |
| | ) | |

**Before: BATCHELDER, WHITE, and STRANCH, Circuit Judges.**

Mario Tapia Bravo petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). For the reasons below, we **vacate in part and remand** his petition for review.

I.

During the course of his removal proceedings, Bravo's army-enlisted daughter (and a naturalized citizen) filed an I-130 visa petition on his behalf, and Bravo filed the supplementary documents related thereto. Bravo states, and the government does not contest, that his I-130 visa petition has since been approved, but it was not considered below.

An approved I-130 visa petition satisfies the requirement that an immigrant visa be immediately available when the alien files his or her application, making the alien eligible for

adjustment of status. *INS v. Miranda*, 459 U.S. 14, 15 (1982) (per curiam); 8 U.S.C. § 1255(a). We are mindful of the jurisdictional balance that we must strike in choosing whether to review a motion to reopen. *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 315 (6th Cir. 2018). But we also recognize the "safety valve" role that this court holds, ensuring "that the BIA lives by its rules and at least considers new information." *Id.* (citing *Pilica v. Ashcroft*, 388 F.3d 941, 948 (6th Cir. 2004). Therefore, this matter is remanded with instructions to consider Bravo's I-130 visa petition and its effect on his removal proceedings.

Moreover, we are not convinced by the government's position that Bravo has forfeited claims related to his approved I-130 visa petition because of a supposed failure to exhaust his claims. "Under the plain language of [8 U.S.C.] § 1252(d)(1), a noncitizen must exhaust all administrative remedies available to the alien as of right." *Santos-Zacaria v. Garland*, 598 U.S. 411, 424 (2023) (internal quotation marks omitted). However, discretionary remedies such as "[c]ancellation of removal, voluntary departure, and adjustment of status" are not available as of right. *Id.* at 426. So, the exhaustion requirement of § 1252(d)(1) does not apply here. "[B]ecause § 1251(d)(1) requires only exhaustion of remedies available as of right, . . . a noncitizen need not exhaust discretionary remedies." *Id.* at 425 (cleaned up).

## II.

For the reasons explained, we **vacate in part and remand** Bravo's petition for review for further proceedings consistent with this order to consider the effect of Bravo's I-130 visa petition on his removal proceedings.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

_____

Kelly L. Stephens, Clerk
